UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK GUIDICE, | : | Civil Action No. 07-3055 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| U.S. PAROLE COMMISSION, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    MICHAEL G. POSTIGLIONE, ESQ.
    220 Old Country Road
    Mineola, New York 11501
    Attorney for Petitioner

    IRENE E. DOWDY, Assistant U.S. Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    401 Market Street, Fourth Floor
    Camden, New Jersey 08101
    Attorneys for Respondents

**KUGLER**, District Judge

    Petitioner Frank Guidice, an inmate confined at the Federal Correctional Institution at Fairton, New Jersey, filed a Petition seeking a writ under 28 U.S.C. §1361 or § 2241 directing the United States Parole Commission to execute a parole violator warrant and conduct a parole revocation hearing prior to the expiration of his current federal sentence June 23, 2009. Respondents filed an Answer, together with several exhibits, seeking dismissal of the Petition on the merits, and Petitioner filed a Reply. For the reasons expressed below, this Court will dismiss the Petition with prejudice.

## I.  BACKGROUND

Petitioner challenges the failure of the United States Parole Commission ("Parole Commission") to execute a parole violator warrant and conduct a parole revocation hearing prior to the expiration of his current federal sentence June 23, 2009.  The facts are not in dispute.  In October 1985, the United States District Court for the Eastern District of New York sentenced Petitioner to a nine-year term of imprisonment, followed by five years of special parole, based on his conviction for conspiracy and distribution of heroin.  On April 13, 1990, the Parole Commission released Petitioner on parole until October 12, 1999.  While Petitioner was on special parole, federal officials arrested him on new federal charges in the Eastern District of New York.  On September 1, 1999, the Parole Commission issued a warrant for violation of special parole based on his arrest by the FBI on charges for robbery and use of a firearm.  In a memorandum dated September 1, 1999, the Parole Commission advised Petitioner's probation officer that the Commission had issued the parole violator warrant but was holding it in abeyance and unexecuted pending the outcome of the new criminal charges.

On January 12, 2001, the United States District Court for the Eastern District of New York sentenced Petitioner to an aggregate term of 123 months in prison, followed by three years of supervised release, based on his new conviction for conspiracy to rob, attempted robbery and use of a firearm.  Petitioner is currently serving this sentence.  His projected release date is June 23, 2009.

By letter dated June 6, 2001, the Parole Commission notified the warden of the facility wherein Petitioner was confined that the Commission had issued a warrant on September 1, 1999, and requested that the warrant be lodged as a detainer, and that Petitioner be notified.  The

2

letter stated that the Commission would conduct an on-the-record dispositional review, pursuant to 18 U.S.C. § 4214(b)(1), within 180 days to determine whether the parole violator warrant should stand as a detainer.  The letter indicated that Petitioner could complete the enclosed Application for Dispositional Review and apply for court-appointed counsel within 30 days. Accompanying the letter was a Notice of Pending Dispositional Review on the Record which notified Petitioner that a parole violator warrant has been placed as a detainer; the Commission would conduct a dispositional review to determine whether to let the warrant stand as a detainer; Petitioner could mail a statement to the Commission regarding the Dispositional Review by August 1, 2001; and he had a right to request counsel to assist him with the application regarding disposition of the warrant.

By letter dated July 26, 2001, attorney Vivian Shevitz commented on Petitioner's behalf regarding the disposition of the warrant.  Specifically, Ms. Shevitz objected to the issuance of the warrant, requested that the warrant be vacated because Petitioner was not properly notified of its issuance on September 1, 1999, and informed the Commission that Petitioner's current conviction was on appeal and that his sentence was enhanced because the offense was committed while Petitioner was on parole.

On September 6, 2001, the Parole Commission issued a Notice of Action informing Petitioner and the warden that the Commission would let the detainer stand.

Petitioner thereafter asked the Parole Commission to execute the parole violator warrant and revoke his parole prior to the expiration of his federal sentence on June 23, 2009. Specifically, by letter dated April 11, 2007, attorney Linda S. Sheffield asked the Commission to execute the parole violator warrant immediately on the grounds that, since the Commission

3

would revoke Petitioner's parole and impose a parole violator term that will be absorbed by his current sentence, execution of the warrant after completion of the sentence would cause Petitioner to remain in prison for up to 90 additional days beyond his term in violation of due process. By letter dated April 16, 2007, to Ms. Sheffield, the Parole Commission stated that it had previously determined to allow the warrant to stand as a detainer and indicated that Petitioner would receive a parole revocation hearing within 90 days of execution of the warrant upon the expiration of his sentence. By letter dated June 5, 2007, Petitioner asked the Parole Commission to reconsider the decision to let the warrant stand until the expiration of his sentence. Petitioner stated that the detainer makes him ineligible for halfway house placement and creates uncertainty as to when he will be released. On July 25, 2007, the Parole Commission informed Petitioner that it would not reopen his decision.

Petitioner executed the Petition before this Court on June 26, 2007. The Clerk received it on July 2, 2007. The Petition raises two grounds:

> Ground One: THE DECISION OF THE UNITED STATES PAROLE COMMISSION NOT TO HOLD A REVOCATION HEARING UNTIL THE COMPLETION OFF MR. GUIDICE'S SENTENCE WAS BOTH UNREASONABLE AND PREJUDICIAL.
>
> Ground Two: THE PETITIONER FRANK GUIDICE IS ENTITLED TO AN ORDER TO COMPEL DIRECTING THE UNITED STATES PAROLE COMMISSION TO EXECUTE THEIR PROLE WARRANT PURSUANT TO 28 U.S.C. § 1361.

(Pet. Grounds One and Two, pp. 4, 10.)

This Court ordered Respondents to file an answer and to include in the answer compliance with 18 U.S.C. § 4214(b). Respondents filed an Answer, together with the certificate

of Sharon Gervasoni and several documents. Respondents argue that the Petition should be dismissed because the Parole Commission complied with 18 U.S.C. § 4214(b) and Petitioner has no statutory or constitutional right to execution of the parole warrant prior to the expiration of his current sentence.

Petitioner filed a Reply to the Answer, arguing that failure to hold a revocation hearing prior to the expiration of his sentence violates parole guidelines and due process because it is arbitrary and will cause Petitioner to serve an additional three to four months in custody pending the revocation hearing. In addition, Petitioner maintains that Respondents discriminated by failing to provide a reason for treating him differently from similarly situated inmates who received a parole revocation hearing prior to the completion of the new sentence.

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at

5

the time his petition is filed." Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998).

This Court has jurisdiction over the Petition because Petitioner challenges his future custody by the Parole Commission pursuant to a warrant lodged as a detainer on the ground that it violates federal law.  See Maleng, 490 U.S. at 493 (where a state "has placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences [the federal inmate] was 'in custody' under his . . . state sentences at the time he filed" his habeas petition attacking the state sentences); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (Alabama prisoner who filed a § 2241 petition in the Western District of Kentucky challenging the validity of a Kentucky indictment was "in custody" to challenge the indictment, where Kentucky had lodged a detainer); Peyton v. Rowe, 391 U.S. 54 (1968) (petitioner serving the first of two consecutive sentences was in custody to challenge the second sentence which he had not yet begun to serve).

B.  Statutory Authority

Petitioner claims that the Parole Commission is violating federal law and its own guidelines by allowing the parole revocation warrant to stand until he completes his current federal sentence.  Respondents argue that the Parole Commission complied with the applicable statute and regulation.

The relevant section of the Parole Act, captioned "Revocation of Parole," provides:

> (b)(1) Conviction for any criminal offense committed subsequent
> to release on parole shall constitute probable cause for purposes of
> subsection (a) of this section.  In cases in which a parolee has been

6

>convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. Such detainer shall be reviewed by the [Parole] Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application
>
>. . .
>
>(b)(3) Following the disposition review, the Commission may:
>
>>(A) let the detainer stand; or
>>
>>(B) withdraw the detainer.
>
>. . .
>
>(c) Any alleged parole violator . . . who is retaken pursuant to subsection (b) of this section, shall receive a revocation hearing within ninety days of the date of retaking. The Commission may conduct such hearing at the institution to which he has been returned, and the alleged parole violator shall have notice of such hearing, be allowed to appear and testify on his own behalf, and, unless waived, shall have counsel or another representative as provided in subsection (a)(2)(B) of this section.

18 U.S.C. §§ 4214(b)(1), (b)(3), (c).[1]

The Department of Justice adopted the following regulation, entitled "Warrant placed as a detainer and dispositional review," to implement § 4214:

---

[1] The Parole Commission and Reorganization Act ("Parole Act") was repealed effective November 1, 1987, but remains in effect as to any individual who committed an offense on or before November 1, 1987. See Morabito v. U.S. Parole Comm'n, 181 Fed. Appx. 244, 245 n.1 (3d Cir. 2006) (citing Benny v. United States parole Comm'n, 295 F. 3d 977, 981 (9th Cir. 2002)).

> (a) When a parolee is serving a new sentence in a federal . . .
> institution, a parole violation warrant may be placed against him as
> a detainer.
>
>> (1) . . . [T]he detainer shall be reviewed on the record
>> pursuant to paragraph (a)(2) of this section.
>>
>> (2) . . . [T]he violation warrant shall be reviewed by the
>> Regional Commissioner not later than 180 days following
>> notification to the Commission of such placement.  The
>> parolee shall receive notice of the pending review, and shall
>> be permitted to submit a written application containing
>> information relative to the disposition of the warrant.  He
>> shall also be notified of his right to request counsel under
>> the provisions of § 2.48(b) to assist him in completing this
>> written application.
>
> (b) If the prisoner is serving a new federal sentence, the Regional
> Commissioner, following a dispositional record review, may:
>
>> (1) Pursuant to the general policy of the Commission, let
>> the warrant stand as a detainer and order that the revocation
>> hearing be scheduled to coincide with the initial hearing on
>> the new federal sentence or upon release from the new
>> sentence, whichever comes first;
>>
>> (2) Withdraw the warrant, and either order reinstatement of
>> the parolee to supervision upon release from confinement
>> or close the case if the expiration date has passed.

28 C.F.R. § 2.47(a), (b).

  The record shows that Respondents complied with § 4214.  Specifically, § 4214(b)(1) provides that, where a parolee has been convicted of an offense committed while on parole and is serving a new sentence, "a parole revocation warrant . . . may be placed against him as a detainer."  See 18 U.S.C. § 4214(b)(1).  Because it is undisputed that on January 12, 2001, Petitioner was convicted of a new federal criminal offense while on parole, and that he was

serving a new 123-month non-parolable sentence, the Commission properly lodged the parole revocation warrant against him as a detainer on June 6, 2001.

Section 4214(b)(1) further required the Commission to review the detainer within 180 days of the lodging of the detainer, to notify the parolee of the pending review and his right to counsel, and to give him an opportunity to submit a written application regarding disposition of the detainer.  Id.  The Commission complied with these requirements by lodging the detainer on June 6, 2001 (while Petitioner was serving the new sentence), notifying Petitioner of the dispositional review and his right to counsel, and issuing a notice of action on September 6, 2001, which is within 180 days of the lodging of the detainer.  Finally, § 4214(b)(2) authorized the Commission to let the detainer stand.  Id.  Thus, the Commission complied with § 4214.

The regulation adopted to implement this statute provides that, after the required dispositional hearing, the Commission shall either withdraw the warrant or let the warrant stand. See 28 C.F.R. 2.47(b)(1).  It further provides that, if the Commission does not withdraw the warrant and the new sentence is non-parolable, then the warrant shall stand until the parolee is released from the new sentence.[2]  Id.

In this case, Petitioner does not contend that the regulation required the Commission to withdraw the parole revocation warrant after the dispositional review.  Rather, he argues that the Commission violated parole guidelines by allowing the detainer to stand until completion of the new sentence.  Petitioner's claim fails, however, because it is undisputed that Petitioner's new

---

[2] As previously stated, it provides that, where the Commission decides to let the warrant stand as a detainer, the Commission shall schedule the revocation hearing to "coincide with the initial [parole] hearing on the new federal sentence or upon release from the new sentence, whichever comes first."  28 C.F.R. § 2.47(b)(1).

9

123-month sentence was non-parolable. Under these circumstances, the regulation required the detainer to stand until Petitioner was released from his new sentence. Thus, Respondents did not violate the parole regulation by letting the detainer stand until completion of the sentence.

C. Constitutional Violation

Petitioner contends that the Parole Commission violated his due process rights by allowing the detainer to stand until the completion of the new sentence on June 23, 2009, because this will necessarily require Petitioner to be detained for up to 90 additional days until it conducts a parole revocation hearing. The problem with Petitioner's due process claim is that the Supreme Court rejected it when it held in Moody v. Daggett, 429 U.S. 78 (1976), that "a federal parolee imprisoned for a crime committed while on parole is [not] constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not [executed.]" Id. at 79; see also United States ex rel. Caruso v. United States Bd. of Parole, 570 F.2d 1150 (3d Cir. 1978). This is because, "in holding that '[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,' [the Supreme Court] established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." Moody, 429 U.S. at 87 (quoting Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Petitioner's due process claim fails because deferral of the revocation decision does not deprive Petitioner of a protected liberty interest.[3]

---

[3] Petitioner does not contend that detention for up to 90 days upon the execution of the parole violator warrant deprives him of due process in and of itself, and there is no merit to such
(continued...)

Petitioner also claims that Respondents unconstitutionally discriminated against him by granting similarly situated inmates a parole revocation hearing prior to completion of the sentence.  The Court construes this allegation as an attempt to state an equal protection claim under the Fifth Amendment of the United States Constitution.  See Bolling v. Sharpe, 347 U.S. 497 (1954).  "The Equal Protection Clause commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'"  Vacco v. Quill, 521 U.S. 793, 799 (1997).  "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'"  Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985)).  To establish an equal protection violation, Petitioner must "allege and prove that [he] received different treatment from other similarly situated individuals or groups."  Johnson v. Horn, 150 F.3d 276, 284 (3d Cir. 1998) (citation omitted).  Moreover, "if a law neither burdens a fundamental right nor targets a suspect class, [the Court] will uphold the legislative classification so long as it bears a rational relation to some legitimate end."  Romer v. Evans, 517 U.S. 620, 631 (1996).  Petitioner's equal protection claim must be dismissed because, while he alleges that similarly situated inmates were given revocation hearings prior to the expiration of the sentence, nothing has been presented to this Court to substantiate this allegation.

Because the parole revocation detainer does not violate federal statutes or regulations, and because the failure to execute the parole revocation warrant does not violate the Due Process

---

[3](...continued)
a claim.  See Morrissey v. Brewer, 408 U.S. 471, 488 (1972) (a final revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody").

or Equal Protection component of the Fifth Amendment of the United States Constitution, the Court will dismiss the Petition with prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice.

s/Robert B. Kugler<br>
**ROBERT B. KUGLER, U.S.D.J.**

Dated:         January 18        , 2008